## McCUEN, Plaintiff-Appellant, v. EAST LIVERPOOL BUS TERMINAL CORP., Defendant-Appellee.

Ohio Appeals, Seventh District, Columbiana County.

No. 664. Decided 1949.

Ben H. Berman, East Liverpool, for plaintiff-appellant.
Tobin & Tobin, East Liverpool, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appeals on questions of law from a judgment of the court of common pleas entered upon a verdict directed for defendant, a corporation, in her action filed therein to recover damages from it for injuries sustained when she stepped on "a kind of hoop", "about ten inches" in diameter, about "1/4 of an inch thick", about "as thick as the lead in a pencil", allegedly laying in a terminal operated by defendant, after she alighted from a bus unloaded therein as she testified, but as the driver thereof testified on a public highway of the city of East Liverpool adjacent thereto, about 11:30 o'clock on the night of May 10, 1946, and had walked a short distance, "fifteen feet I recon", along the "sidewalk" thereof, where "there is no question you could see", and where and at which time she was walking fast.

Plaintiff charged defendant with negligence in failing to light its terminal so that she could see obstacles laying in her path; in permitting debris, among which was the "hoop" over which she allegedly fell, to accumulate and remain on and across the sidewalk and platform of its terminal in excess of an hour; in failing to remove such hoop and debris, and to notify her of its presence when it well knew or in the exercise of ordinary care it should have known it was laying there; although she never notified defendant, its agents, servants nor employees, that she had fallen.

Plaintiff claims that "the court erred as a matter of law in directing said verdict", which she contends "is against the manifest weight of the evidence" and "contrary to law" and "based upon an erroneous conclusion of law, not sustained by the law nor the evidence", and contends that there are "other matters of law and evidence appearing on the record" in which the trial judge erred to her prejudice; and by brief states that "concisely the question involved in this case is was the object over which plaintiff fell there a sufficient length of time for the defendant, in the exercise of due care, to have had notice of its presence, and, being under the duty to keep the premises in a reasonably safe condition, had time to remove it?"

At the conclusion of counsel's argument on defendant's motion to direct a verdict the trial judge said:—

"I will say this to you that if I overrule this motion, I think in all probability that if the plaintiff gets a verdict I will set it aside. I think I will let the choice up to you whether you

want me to sustain it now or overrule it and then take the very almost certain chance that if you get a verdict I will set it aside.

"So that I make myself clear, I do feel that I should direct a verdict for the defendant in this case but there is always some doubt in the court's mind in taking a case from the jury and directing a verdict and for that reason I did give the plaintiff her choice of proceeding with the case or accepting a directed verdict at this time. If I proceed with the case and the evidence is not changed in this regard, I feel that even if the plaintiff got a verdict I would be compelled to set it aside. Of course, if there should be some change in the evidence when the defendant puts on its evidence, or on cross-examination there should be something that would show a lack of care on the part of the defendant and a verdict is given to the plaintiff, if it can be sustained on the evidence, naturally it would not be set aside, but I feel that there has been a failure of proof on that particular point."

Counsel for plaintiff declined to make any choice, and stated that the matter should be determined by the court. Whereupon the trial judge recalled the jury and directed a verdict in defendant's favor as stated supra.

We have read the reasonably lengthy bill of exceptions submitted to us for review, and while the evidence, which need not be recited further, is in conflict as to whether plaintiff fell in defendant's terminal or in an alley or public highway off its premises, which presented a jury question on that issue, yet concluding as we do that plaintiff proved no negligence of defendant in permitting such hoop to be and remain in its terminal at the place designated or elsewhere, and find no evidence of any negligence on the part of defendant nor any of its agents, servants nor employees, in any of the respects charged by plaintiff, we conclude that the trial judge did not err in failing to submit plaintiff's case to the jury.

In our opinion reasonable minds could arrive at no conclusion from the evidence contained in the bill of exceptions but that defendant nor no agent, servant nor employee of defendant owned, controlled, dropped nor placed that hoop where she said she stumbled and fell over it, nor any other place, or ever saw it prior to the time plaintiff allegedly fell over it; and that if some person other than such defendant corporation, its agents, servants or employees dropped or placed it there that such agents, servants or employees were

notified and thereafter failed to remove it before she fell as she alleged; nor that such hoop was where she said it was for a sufficient period of time to charge defendant with knowledge of its existence, and failure to remove it.

In our opinion the jury would have had to deal in unwarranted inferences to return a verdict for plaintiff if the case had been submitted to it by the trial court. See **Sherlock, Appellee, v. The Strouss-Hirshberg Co., Appellant, 132 Oh St 35,** for a discussion of inferences.

We find no error prejudicial to plaintiff in any of the respects urged by plaintiff stated supra upon which we pass.

Plaintiff has not called our attention to "other matters of law and evidence appearing on the record" which operated to her prejudice and to comply in respect thereto with the provisions of Rule VII of this court that their briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the question arose, together with a statement of the authorities relied upon. Accordingly, we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

CARTER, PJ, NICHOLS, J, concur in judgment.